IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCIA L. MCCOY | ) | CASE NO.  1:10CV0411 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| JANE PLATTEN, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Marcia L. McCoy brings this action under the Civil Rights Act of 1871, 42

U.S.C. § 1983, against Defendants Jane Platten, Brent Lawler, and Sharon Keane, all Officials of

the Cuyahoga County Board of Elections. Plaintiff alleges that she is a  resident of Ward 1, Precinct

D, located in the City of Cleveland, Ohio. On January 4, 2010, she circulated Petitions for the

Primary Election to be held on May 4, 2010 to be declared a candidate for nomination to the Office

of State Representative, House District 12, for the Term commencing January 1, 2011. While

circulating her Petitions, she requested a map of House District 12 from Defendant Platten with a

copy to Defendant Keane. She received an e-mail from Platten informing her that the House District

maps did not reflect the current precinct configurations. After questioning what House District she

lived in, she was told that she resided in Cleveland Ward 1 Precinct D and House District 8, not

House District 12 as she had believed. Plaintiff turned in six pages of Petitions for District 12.

Defendant Lawler suggested that she circulate Petitions for House District 8, which she did.

However, she was not able to count the six pages for the House District 12 Petitions causing her to

be 15 signatures short for her candidacy for House District 8. She requests an injunction requiring

the Cuyahoga County Board of Elections to accept the six pages of Petitions for House District 12

and if 15 signatures are accurate, allow her name to appear on the May 4, 2010 Ballot as a candidate for Representative for House District 8.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Plaintiff has not indicated the premise for the alleged constitutional violation. She complained that maps were not up to date causing her to circulate Petitions for the wrong House District. Failure to update maps amounts to merely negligence or incompetence. She has not alleged that the Defendants intentionally deceived her. In order to obtain relief, she must show that Defendants intentionally or purposefully discriminated against her. *Crim v. Thompson*, 69 Fed.Appx. 276, 278 (6th Cir. 2003) (citing *Rogers v. Lodge*, 458 U.S. 613, 621 (1982); *Gold v. Feinberg,* 101 F.3d 796, 800-01 (2d Cir.1996); *Powell v. Power,* 436 F.2d 84, 88 (2d Cir.1970)). Mere negligence cannot constitute a constitutional violation. *Wolf v. Winlock*, 34 Fed.Appx. 457, 461 (6th Cir. 2002); *Griesser v. Pirkel's Towing Co.*, 2007 WL 582386 * 3 (N.D. Ohio Feb. 20, 2007).

Accordingly, Plaintiff's Motion to Proceed In Form Pauperis is granted. This action is

dismissed under 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date:   April 20, 2010

  **S/Christopher A. Boyko**
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.